IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 21 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 03-D-2512 (PAC)

KAREN DUDNIKOV,
MICHAEL MEADORS,
*Pro Se* Plaintiffs,

v.

MGA ENTERTAINMENT, INC, a California Corporation,
Defendant.

**Plaintiffs' Reply To Defendant's Response To
Plaintiffs' Objections To Proposed Findings And Recommendations
Of Magistrate Judge Granting Summary Judgment**

KAREN DUDNIKOV
MICHAEL MEADORS
P.O. Box 87
3463 Maskoke Trail
Hartsel, CO 80449
303-913-6075
*pro se* Plaintiffs

On June 3, 2005, Defendant MGA Entertainment ("Defendant") filed Defendant's Response to Plaintiffs' Objections to Proposed Findings and Recommendations of Magistrate Judge Granting Summary Judgment ("Response"). Plaintiffs Karen Dudnikov and Michael Meadors ("Plaintiffs") hereby file their Reply to the Response.

1

In the Objection filed by Plaintiffs, Plaintiffs addressed the primary cause cited by the Court for its findings: the issue of Good Faith Belief. Plaintiffs also addressed the claim of privilege because the Court referenced it. The Defendant raised several other issues.

## EXPERIENCE ISSUE

1. In Paragraph II C of the Response, Defendant asserts that Plaintiffs are "experienced litigators" because of their involvement in "at least fourteen cases" filed in this Court in the past few years. Through discovery, Defendant has copies of these court cases and well knows that the majority of them were settled early and that this case is the only case that has gone any length. Of the two other cases that were not settled, this Court ruled both times against the Plaintiffs granting Summary Judgments. Hardly a stellar record for "experienced litigators".

2. Indeed, in the Response, Defendant cites time after time where *"Plaintiffs have failed"* (Paragraph I Evidentiary Record), *"Plaintiffs do not address"* (Paragraph II Discussion A), *"Plaintiffs present no evidence"* (id), *"plaintiffs failed to address"* (Paragraph II Discussion B), *"Plaintiffs failed to offer"* (Paragraph II Discussion C), etc. The response repeatedly points out Plaintiffs are not "experienced litigators".

3. In *Dudnikov v. E! Entertainment*, decided by this Court, a Motion For Costs Of Service was denied on a technicality when the Plaintiffs failed to include in the Motion a statement that they had attempted to confer with opposing counsel before filing the Motion. Even though there was no opposing counsel of record at the time the motion was filed. Hardly the work of "experienced litigators".

## *pro se* Issue

4. Defendant also claims that only prisoners complaining of poor treatment are covered by *Haines v. Kerner*, *Hall v. Bellmo*, et al, yet fails to cite anything in those rulings

2

where the Courts specified that the rulings concerning *pro se* pleadings only applied to pro se prisoner litigants. The Court, every time, specifically stated *pro se*, not *pro se* prisoners.

## EVIDENTARY ISSUE

5.  The burden of proof is upon the party filing the Motion For Summary Judgment. David Oakes did not state upon what he based his good faith belief. His assertion that he had one is not sufficient. Oakes asserted in his emails that he was protecting MGA's licensees. It is reasonable to expect him to later tailor his testimony to better fit the defenses raised by counsel. The Plaintiffs feel since he stated no reasonable basis for his good faith belief, the Court must look at the same material he examined to make a conclusion for that belief as the 9th Circuit Court did in *Rossi v. Motion Picture Ass'n of America*.

6.  Defendant objects to Attachment #2. Attachment #2 consists of two items. The first item was a copy of the original auction listing terminated by Defendant (which was submitted April 6, 2004, by Defendant as Exhibit A-6 with the Declaration of David Caplan). This auction listing was most likely printed on a color printer, however Defendant preferred to submit a black and white copy of the original with the affidavit.

7.  Plaintiffs' original complaint, filed December 10, 2003, ¶39 Page 14, stated:

'*The auction listing terminated by the defendant stated:*

> "*This is not a licensed Bratz Product. It is however hand-crafted with care using a licensed Bratz applique. I am not affiliated with Bratz or MGA Entertainment.*"

*This disclaimer was immediately below the listing, in the same size font, in bold font, and highlighted by being backlit in yellow to attract attention.*'

8.  Plaintiffs' Motion For Summary Judgment or In The Alternative Declaratory Judgment, filed March 17, 2004, ¶34 Page 8, stated:

3

34. *The auction listing prominently displayed a disclaimer in the same size font in bold, back-highlighted in yellow. No reasonable person would have missed the disclaimer and no reasonable person would have misunderstood the disclaimer.'*

9. Defendant's response to this was to claim in the Rule 56(f) Affidavit of David Caplan, filed April 6, 2004, that discovery was required to determine if this statement were true. At no time during discovery did the Defendant request documents or information concerning this issue nor did the Defendant ask any questions concerning this topic during depositions.

10. In Plaintiffs Reply to Defendant's Opposition To Summary Judgment, filed May 4, 2004, ¶¶26-27 Page 7, Plaintiffs state:

26. *The issue in Charles was also the size and placement of the disclaimer. As noted, the Plaintiffs' auction disclaimer was part of the listing, easily seen, same size font and in bold, and back-highlighted (see Decl David Caplan Exhibit A-6). The disclaimer stated:*

> *This is not a licensed Bratz Product. It is however hand-crafted with care Using a licensed Bratz applique. I am not affiliated with Bratz or MGA Entertainment.*

27. *Since MGA submitted the auction in black and white, the back-highlighted aspect doesn't show in the exhibit. However, a simple request from MGA, as a VeRO member, to eBay and eBay will provide MGA with access to the original listing to print it in color.*

The Defendant never disputed this statement and the Defendant never attempted to show it was false because it is true.

11. In Plaintiffs Opposition To Defendant's Motion For Summary Judgment, filed January 14, 2005, Disclaimers Page 8, Plaintiffs state:

'*MGA admits there was a disclaimer that stated "This is not a licensed Bratz Product. It is however hand-crafted with care using a licensed Bratz applique. I am not affiliated with Bratz or MGA Entertainment." (Motion SJ ¶14 Undisputed Facts). What MGA doesn't say is that the disclaimer was **in the same size type** as the auction listing, was **immediately below the auction description**, was **in bold type**, and was **back-highlighted to attract attention**. The back-highlighting was stated in Plaintiffs' Motion For Summary Judgment ¶34 and has not been challenged by any MGA evidence.*' (emphasis in the original)

4

12.     The second item submitted as part of Attachment #2 was submitted to demonstrate what the listing looked like in color. A clear basis for this had been established by the Plaintiffs repeated assertions that it was in color and back-highlighted and the repeated ignoring of these assertions by the Defendant. The Defendant had the opportunity to submit the listing in color, or to refute the claims, yet chose not to on every occasion. This evidence was in front of a judge who is capable to making determinations, it's not as though we are attempting to slip something not relevant in front of a jury. This color sample is critical to a fair and honest appraisal by the Court.

13.     Erroneous admission of evidence is harmless error and does not require reversal if the evidence is cumulative and other relevant evidence, properly admitted, supports the finding by the trier of fact. The evidence about the listing was cumulative as shown by the filings. In order to make a comprehensive finding, the Court must see what David Oakes saw, or said he saw.

### Privilege

14.     The Court chose to ignore the supporting evidence submitted by the Plaintiffs supporting the assertion that privilege does not apply because there was no contemplation of any legal action. At no time did Defendant allude, imply, hint or openly state there was any legal action being considered. *Aronson v Kinsella* plainly states privilege only applies when there is the contemplation of a lawsuit. A communication is not an absolute privilege without that. (see Exhibit 15 Plaintiffs' Opposition To Defendant's Motion For Summary Judgment, passage highlighted). In the last five years Defendant has not been involved in any legal actions concerning eBay auctions, a fact admitted by them in discovery.

## Declaratory Judgment

15. Plaintiffs have made it clear from the first filing they were seeking a declaratory judgment concerning the right to sell the applique. This not a last minute shift in strategy.

16. *pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings. *Reynoldson v Shillinger* 907F .2d 124, 126 (10th Cir. 1990). The Court did not notify us our pleadings were defective in this area therefore Plaintiffs assumed there was no problem.

17. Declaratory judgments are appropriate when dealing with copyright, trademark and patent cases. Given the nature of the problem, continued listings by the Plaintiffs would have resulted in irreparable harm because Plaintiffs would have had their eBay account suspended and their reputation permanently harmed. There is sufficient basis for a declaratory judgment

## Secondary Market

18. Defendant makes and distributes products that encourage others to "decorate and design just about anything, any way you want". This "encouragement" is included in the instructions. (see Dudnikov Affidavit Plaintiffs Motion For Summary Judgment Exhibit #1). This is unchallenged by the Defendant. Defendant made an "unrestricted" sale of the merchandise creating an "implied license".

19. The Defendant's claim should be barred here because Defendant had effectively "authorized" its customers to use the materials "any way you want". Such a finding is supported by strong public policy and legal doctrines in favor of preventing intellectual property owners from overreaching into markets that are beyond the scope of their statutory rights.

20. Plaintiffs believe, as all parties likely do, that consumers benefit from intellectual property grants to producers. See, e.g., Twentieth Century MusicCorp. v. Aiken, 422 U.S. 151,

156 (1975) ("The immediate effect of our copyright law is to secure a fair return for an 'author's' creative labor. But the ultimate aim is, by this incentive, to stimulate artistic creativity for the general public good.").

21. Defendant is attempting to impermissibly enforce its rights beyond the point of sale of the applique. The doctrine of implied license supports the underlying policy objectives of consumer choice and secondary market competition. The Defendant, like monopolists and intellectual property misusers before it, is attempting to leverage a statutory right to gain control of a peripheral market.

22. The emails from David Oakes strongly support the allegation by the Plaintiffs that Defendant's primary concern was the secondary market, not copyright and trademark concerns. These emails are admitted as being accurate by the Defendant. These emails override the statements made by David Oakes in his Declaration concerning any basis for a good faith belief and must be considered by the Court when assessing the evidence.

23. The applique was a licensed product. The fleece hat was not copyrightable and therefore not a derivative. There was a prominently displayed disclaimer, in bold and high-lighted to attract attention. Use of the Bratz name was nominative fair use, describing the item and not its source. No trademark and/or product was counterfeited. There was no reasonable basis for anyone to form a "belief" that the auction was infringing.

## CONCLUSION

It is well established that the good faith defense encompasses misunderstanding of the law, not disagreement with the law. United States v. Kraeger, 711 F.2d 6, 7 (2d Cir. 1983).

David Oakes is a lawyer, not an unlearned layman. A "good faith belief" for a lawyer, must be founded in experience, common sense, and case law. "Good faith belief" is a legal term

of art, and in both the civil and criminal law a determination of good faith is tested by an objective standard. (The 10th Circuit Court of Appeals 1999). And while the Court in Rossi said a good faith belief under the DMCA in itself is subjective, the Court in the 10th Circuit maintains that the reasoning behind the belief is objective and therefor has to be explained.

There is no reasonable basis for David Oakes to have formed his alleged "Good Faith Belief". Defendant continues to seek to make this action disappear citing technicality after technicality while seeking refuge behind seriously flawed 9th Circuit decisions concerning decisions about derivatives that are inconsistent with the rest of the Circuits. Defendant's arguments revolve around the "good faith belief" action because the Defendant cannot reasonably defend the action under Copyright and Trademark law.

There is no legitimate legal basis for claiming the fleece hat was a derivative. There is no legal basis for claiming trademark infringement. There was no legal basis for David Oakes to terminate the auction besides the efforts by the Defendant trying to control the secondary market, exactly the reasons stated by David Oakes in his emails. Defendant effectively abandoned *Mirage* after it was pointed out Counsel, on its web site, proudly touts *Entertainment Research Group* a more recent 9th Circuit Appeals decision that does not follow *Mirage*.

The good faith belief requirement has been defined as a state of mind which is based on good faith under circumstances which justify such belief. The belief must be reasonable. Akers v. Allaire, 17 Kan. App. 2d 556, 558, 840 P.2d 547, rev. denied 252 Kan. 1091 (1992).

The Court must use the similar reasoning as in *Rossi*, i.e., examine the auction listing, examine the emails sent, and examine MGA's actions in response to that listing to determine was the "belief" indeed reasonable. The Court will find it was not.

8

Respectfully submitted this 21st Day of June, 2005.

*[signature]*

*[signature]*

Karen Dudnikov
Michael Meadors
3463 Maskoke Trail
P.O. Box 87
Hartsel, Colorado 80449
PRO SE PLAINTIFFS

303-913-6075

### Certificate of Service

I HEREBY CERTIFY that on this 21st Day of June 2005, a true and correct copy of the Plaintiffs' Reply To Defendant's Response To Plaintiffs' Objections To Proposed Findings And Recommendations Of Magistrate Judge Granting Summary Judgment was mailed, with all attachments, postage prepaid, Priority Mail with delivery confirmation to:

Larry W McFarland
David Caplan
Keats McFarland & Wilson LLP
9720 Wilshire Blvd, Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830 Phone
(310) 860-0363 Facsimile

*[signature]*
Michael Meadors

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# FACSIMILE COVER SHEET

Pursuant to D.C.COLO.LCivR 5.1 and D.C.COLO.LCrR 49.1, this cover sheet must be submitted with any facsimile filing. A pleading or paper not requiring a filing fee and no longer than ten pages, including all attachments, may be filed with the clerk by means of facsimile during a business day. Upon receipt of a facsimile filing, the clerk will make the copies required under D.C.COLO.LCivR 10.1L and D.C.COLO.LCrR 49.3L. Facsimiles received by the clerk after 5:00 p.m. (Mountain Time) will be considered filed as of the next business day.

Clerk's Office facsimile telephone number: 303-335-2714

1. Date of transmission: June 21, 2005

2. Name of attorney or *pro se* party making the transmission: Karen Dudnikov & Michael Meadors

   Facsimile number: _____   Telephone number: 303-913-6075

3. Case number, caption, and title of pleading or paper:  03-D-2512(PAC)

Plaintiff's Reply to Defendant's Response to Plaintiffs' Objections to Proposed Findings and Recommendations of Magistrate Judge Granting Summary Judgment

4. Number of pages being transmitted, including the facsimile cover sheet: 10

Instructions, if any: _____

(Rev. 04/16/02)