IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-D-2512 (PAC)

KAREN DUDNIKOV and
MICHAEL MEADORS,

      Plaintiffs,

v.

MGA ENTERTAINMENT, INC., a California corporation

      Defendant.

---

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

---

I.    <u>INTRODUCTION</u>

    THIS MATTER is before the Court in connection with Defendant MGA

Entertainment Inc.'s Motion for Summary Judgment filed December 22, 2004.  The

Motion was referred to Magistrate Judge Patricia A. Coan for a recommendation by

Order of Reference dated December 17, 2003.  Magistrate Judge Coan issued a

Recommendation ("Recommendation") on May 6, 2005 that the Motion be granted and

summary judgment enter in favor of MGA.  That Recommendation is incorporated

herein by reference.  *See* 28 U.S.C § 636(b)(1)(A); FED. R. CIV. P. 72(a);

D.C.COLO.LCivR. 72.1(C)(1).  On May 18, 2005, Plaintiffs filed a timely Objection to

the Recommendation ("Objection").  Defendant filed a Response to Plaintiffs' Objection

("Response") on June 6, 2005.  Plaintiffs' Objection necessitates a <u>de</u>

<u>novo</u> determination as to those specified proposed findings or recommendations to

which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

II.   BACKGROUND

Plaintiffs are wife and husband who operate a home-based business which offers items on the eBay internet auction site.  MGA Entertainment, Inc. ("MGA") is the exclusive owner of all rights in and to the Bratz® characters and property.  Plaintiffs bring this *pro se* action for a declaratory judgment, tortious business interference, outrageous conduct, negligent representation, and fraudulent representation, alleging that MGA improperly terminated their on-line auction listing with eBay using eBay's Verified Rights Owner's Program ("VeRO").  In the auction, Plaintiffs were attempting to sell a fleece hat with a Bratz® applique affixed to it.  MGA utilized the VeRO program to issue a Notice of Claimed Infringement ("NOCI") stating that Plaintiffs were infringing on MGA's copyright, trademark, manufacturing, distribution, licensing, and merchandising rights.  Plaintiffs allege that MGA's notification was made without regard to trademark or copyright law in an attempt to control the on-line auction market.  Defendant seeks summary judgment as to each of Plaintiffs' claim.

III.   ANALYSIS

The purpose of summary judgment is to determine whether trial is necessary. *White v. York Int'l. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary judgment is appropriate when the moving party has established "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).  The burden of showing the absence of a genuine issue of material

fact for trial can be discharged by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmoving party. *Thomas v. International Business Machines*, 48 F.3d 478, 484 (10th Cir. 1995). To defeat a properly supported motion for summary judgment, "the nonmoving party must, at a minimum, direct the court to *facts* which establish a genuine issue for trial." *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995) (emphasis in original). The nonmoving party must go beyond the pleadings and present "significant probative evidence tending to support the complaint." *White*, 45 F.3d at 360 (internal citations omitted). Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex,* 477 U.S. at 322.

Magistrate Judge Coan found that MGA has established that there are no genuine issues of material fact for trial. Specifically, Magistrate Judge Coan concluded that (1) with regard to Plaintiffs' allegation of perjury MGA "acted within its rights when it issued the NOCI which suspended the auctions on plaintiffs' fleece hat," and therefore did not knowingly misrepresent that Plaintiffs were infringing MGA's rights, (2) Plaintiffs' failed to present evidence in support of essential elements of their tort claims for tortious interference and outrageous conduct, and (3) Plaintiffs' asserted no separate legal grounds for seeking a declaratory judgment. Recommendation, at 7, 10.

A.   <u>Plaintiffs' Claim for Perjury Under the Digital Millennium Copyright Act - 17 U.S.C. § 512</u>

I first address Plaintiffs' objection to Magistrate Judge Coan's recommendation

that summary judgment enter in favor of MGA as to Plaintiffs' "perjury" claim.  As an

initial matter, Magistrate Judge Coan determined that there is no general civil action for

perjury and analyzed Plaintiffs' claim under 17 U.S.C. § 512(f) of the Digital Millennium

Copyright Act ["DMCA"], which prohibits a party from making knowing material

misrepresentations that a material or activity is infringing.  Recommendation at 4, 7.

The DMCA also requires that a "notification of copyright infringement" include a

statement that the complaining party has a "good faith belief that use of the material in

the manner complained of is not authorized by the copyright owner."  17 U.S.C. §

512(c)(3)(A)(v).  Magistrate Judge Coan found that MGA complied with the notice and

takedown requirements under 17 U.S.C. § 512(c)(3)(A) and was entitled to suspend

Plaintiffs' auction.  In analyzing the requirements for notification under the DMCA,

Magistrate Judge Coan relied on the Ninth Circuit's decision in *Rossi v. Motion Picture

Ass'n of America*, 391 F.3d 1000 (9th Cir. 2004).  In *Rossi*, the Ninth Circuit held that

the good faith standard under § 512(c) is a subjective rather than objective standard

based on the fact that a cause of action for improper infringement notifications under §

512(f) is expressly limited to those situations where the copyright owner's notification is

a "knowing" and "material" misrepresentation.  *Rossi*, 391 F.3d at 1004-05.

Recommendation, at 7.  Thus, as long as MGA acted in good faith belief that

infringement was occurring, there is no cause of action under § 512(f).  Plaintiffs' claim

for perjury must be supported by substantial evidence that MGA knowingly and

materially misrepresented Plaintiffs' infringement when it utilized eBay's VeRO program

to have the auction shut down.  Because Plaintiffs failed to demonstrate that MGA

knowingly and materially misrepresented that Plaintiffs' auction was infringing,

Magistrate Judge Coan recommended that Plaintiffs' "perjury" claim be dismissed.

Recommendation at 7.

Plaintiffs first object that MGA should not be allowed the protections of the good

faith belief standard under the DMCA because the communications that Plaintiffs

received from MGA contained nothing regarding alleged copyright infringement.

Objection, ¶¶ 15-17 at 5.  However, MGA initiated the NOCI was based on the good

faith belief of Senior Counsel David Oakes that Plaintiffs' auction violated MGA's

copyright rights as well as their trademark, manufacturing, distribution, licensing, and

merchandising rights. Because MGA has asserted that it had a good faith belief that the

Plaintiffs' auction was an infringement, Plaintiffs have the burden of demonstrating

material facts showing otherwise.  I agree with Magistrate Judge Coan that Plaintiffs

failed to satisfy this burden.

Plaintiffs also object to Magistrate Judge Coan's finding of good faith belief on

the part of MGA because they assert that MGA's agent, David Oakes, a lawyer trained

in IP law, should be held to a undefined "higher standard."  Objection at ¶ 20.  Plaintiffs

have not presented any authority that supports applying a different standard than

subjective good faith belief to lawyers trained in IP law.  Furthermore, in *Rossi*, the

Ninth Circuit clearly stated that "[m]easuring compliance with [an] . . . 'objective

reasonableness' standard would be inconsistent with Congress's apparent intent [to] . . .

protect potential violators from *subjectively* improper actions by copyright owners."

*Rossi*, 391 F.3d at 1005 (emphasis in original).

Plaintiffs also reiterate their theory that MGA is acting out of an improper desire to control secondary markets, as evidenced by MGA's failure to actively police on-line auctioning for potential copyright infringements.  Magistrate Judge Coan determined that this evidence has no bearing on the notice and takedown requirements under the DMCA, and I must agree.  MGA's actions towards other eBay auctioneers is irrelevant to a determination of good faith belief that the Plaintiffs' auction was infringing on MGA's rights.

Finally, Plaintiffs object to Magistrate Judge Coan's decision not to address MGA's privilege defense because it is secondary to the good faith belief standard under the DMCA, and because Plaintiffs "failed to address the substance of the privilege issue in their brief opposing MGA's motion."  Recommendation, at 6 n. 7.  In their objection Plaintiffs dispute Magistrate Judge Coan's conclusions, but fail to articulate specific facts in support of their objection.  In any case, I agree with Magistrate Judge Coan that the issue of privilege is secondary to that of good faith belief under the DMCA, and that further discussion of the issue is unnecessary.  Recommendation, at 6 n. 7.

In order to properly support its Motion for Summary Judgment, MGA was required to show that it had a sufficient basis to form the required good faith belief that the Plaintiffs' auction infringed on its rights, and that its actions therefore complied with the notice and takedown requirements under th DMCA.  I agree with Magistrate Judge Coan that MGA has met that burden.  I further agree with Magistrate Judge Coan that Plaintiffs have failed to raise "a genuine issue of material fact with regards to [MGA's] compliance with the DMCA."  *Rossi* 391 F.3d at 1002.  For those reasons, adopt

Magistrate Judge Coan's recommendation that summary judgment enter against Plaintiffs and in favor of MGA on Plaintiffs' claim for perjury under 17 U.S.C. § 512(f).

B.     State Tort Claims

Plaintiffs have voluntarily withdrawn their claims for negligent and fraudulent representation.  Plaintiffs do not specifically object to the dismissal of their remaining state law tort claims except to note that "[t]he tort claims were dismissed largely because of the finding of a "good faith belief."  Reversing that would alter these findings."  Objection at 8.  Improper interference is an essential element of a tortious interference claim.  Because I agree with Magistrate Judge Coan's finding that Defendant acted in good faith, I uphold dismissal of Plaintiffs' state law tort claims for tortious interference with contract/business relations, and outrageous conduct/intentional infliction of emotional distress.

C.     Declaratory Judgment

Finally, Plaintiffs object to dismissal of their request for declaratory judgment  that the actions by MGA constitute perjury under the DMCA.  Objection at 7.  Magistrate Judge Coan recommended dismissal of the declaratory judgment claim because Plaintiffs "have offered no separate legal ground for this motion" and, therefore, declaratory judgment is not appropriate under either Fed. R. Civ. P. 57 or 28 U.S.C. § 2201.  Recommendation at 10.  In their objection Plaintiffs assert that Magistrate Judge Coan has failed to consider their complaint in the liberal manner due *pro se* plaintiffs. Plaintiffs rely on several cases which articulate the standard applicable to pleadings filed by *pro se* plaintiffs.   Each of those cases involves motions to dismiss for failure to

state a claim for which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6).  When

faced with a motion for summary judgment, however, the court is not deciding if the

pleadings outlined in the complaint are sufficient to state a claim, but whether or not the

nonmoving party has presented sufficient facts to support those claims.

     *Pro se* plaintiffs' briefs are to be read liberally, and not held to as high a standard

as those prepared by members of the legal profession; however, it is not the role of the

court to play advocate for a *pro se* plaintiff.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991).  I find no evidence in the record that Magistrate Judge Coan did not read

Plaintiffs' Complaint and all subsequent briefs liberally.  It is not the place of Magistrate

Judge Coan, or this Court, to articulate legal grounds for a declaratory judgment that the

Plaintiffs have not themselves articulated.  As the actions of MGA are in compliance

with the notice and takedown requirements of 17 U.S.C. § 512, there is not longer a

"case of actual controversy within [this] jurisdiction" in which the court "may declare the

rights and other legal relations" of the Plaintiffs and MGA.  28 U.S.C. § 2201(a),

FED.R.CIV.P. 57.  I agree, therefore, with Magistrate Judge Coan that Plaintiffs motion

for declaratory judgment is no longer appropriate and should be dismissed.

IV.   <u>CONCLUSION</u>

     In conclusion, for the reasons stated above, it is

     ORDERED that the Recommendation of May 6, 2005, is **AFFIRMED AND**

**ADOPTED**.  In accordance therewith, it is

     ORDERED that Defendant's Motion for Summary Judgment filed December 22,

2004, is **GRANTED**.  The Clerk of Courts shall enter judgment in favor of the Defendant

and against Plaintiffs.

Dated:  August 17, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge